IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
McALLEN DIVISION

| | | |
|---|---|---|
| **AARON SOTO,** § | | **CIVIL ACTION NUMBER** |
| § | | |
| **PLAINTIFF** § | | |
| § | | |
| VS. § | | |
| § | | |
| **THE CITY OF McALLEN,** § | | |
| § | | |
| **LUIS ZUNIGA, IN HIS INDIVIDUAL** § | | |
| **AND OFFICIAL CAPACITIES AS POLICE** § | | |
| **OFFICER AND AS AGENT OF THE** § | | _____ |
| **CITY OF McALLEN,** § | | |
| § | | |
| **AND** § | | |
| § | | |
| **ULYSSES BAUTISTA, IN HIS INDIVIDUAL** § | | |
| **AND OFFICIAL CAPACITIES AS POLICE** § | | |
| **OFFICER AND AS AGENT OF THE** § | | |
| **CITY OF McALLEN,** § | | |
| § | | |
| § | | |
| **DEFENDANTS** § | | **JURY REQUESTED** |

### PLAINTIFF AARON SOTO'S ORIGINAL COMPLAINT

COMES NOW AARON SOTO, Plaintiff in the above-styled and numbered cause and files this his ORIGINAL COMPLAINT. Plaintiff complains of defendants, Luis Zuniga and Ulysses Bautista, in their individual capacities and official capacities as police officers and as agents of the City of McAllen, Texas, and CITY OF McALLEN, and for good cause would respectfully show unto the Court the following:

**I.**

1

## INTRODUCTION

This claim arises out of an incident of excessive police force and the failure to intervene to stop that police misconduct that occurred on or about May 13, 2016, by Defendants Luis Zuniga, Ulysses Bautista, and the City of McAllen, upon Plaintiff. Later, an incident report was prepared and filed but contained material fabrications by omitting material facts and circumstances occurring during the above police misconduct incident.

## II.

## JURISDICTION AND VENUE

1. This action arises under the Fourth and Fourteenth Amendments to the United States Constitution, the United States Civil Rights Act, Title 42 U.S.C. § 1983 and § 1988.

2. This court has jurisdiction of this cause under Title 28 U.S.C. § 1331 (federal question) and § 1343(3) and (4).

3. Venue lies in the United States District Court of the Southern District of Texas where the claim arose.

## II.

## PARTIES

4. At all times relevant, Plaintiff was a United States citizen, resident of Hidalgo County, State of Texas.

5. Defendants Zuniga and Bautista are sued individually and in their official capacity.

6. At all times relevant, Defendant, City of McAllen, (the City) was a municipal corporation and Home Rule City, established under the laws and Constitution of the State of

Texas. The City lies within the U.S. Southern District of Texas, Hidalgo County. The City may be served with process by serving the mayor, city clerk, secretary, or treasurer at City Hall: 1300 W. Houston Ave. #220, Second Floor, McAllen, Texas 78501, or wherever they may be found. Tex. Civ. Prac. & Rem. Code § 17.024.

7. At all times relevant to this lawsuit, Defendant Ulysses Bautista, was a police officer for the City of McAllen and acted under color of State law. Defendant Bautista may be sued in his individual and official capacity. Defendant Bautista is a resident of the State of Texas and may be served at 1304 Sago Palm, Alamo, TX 78516.

8. At all times relevant to this lawsuit, Defendant Luis Zuniga, was a police officer for the City of McAllen and acted under color of State law. Defendant Zuniga is a resident of the State of Texas. This Defendant may be served with Process at Hidalgo County Constable Pct. 4, 300 W. Hall Acres, Pharr, TX 78577.

III.

FACTS

9. On or about May 13, 2016, at approximately 1:00 a.m., Mr. Plaintiff drove East bound on highway Business 83 and made a turn south onto 16th Street, a northbound one-way street. Immediately thereafter, Defendant Zuniga, a police officer for Defendant City of McAllen, who was driving in the area, noticed Plaintiff's wrong turn, and activated his unit's overhead emergency lights to stop him. Plaintiff turned westbound onto nearby Austin Street, an eastbound street. Defendant Officer Zuniga exited his unit and ordered Plaintiff out of his vehicle. Officer Zuniga proceeded to ask Plaintiff to perform field sobriety tests and Plaintiff complied. Officer Zuniga then proceeded to detain Mr. Plaintiff on suspicion of Driving while Intoxicated. Defendant Officer Ulysses Bautista responded to assist Officer Zuniga with

Plaintiff's stop, detention, and arrest. During the encounter, Defendant Zuniga taunted Plaintiff by stating Plaintiff was turning into a man, and made lewd comments about Plaintiff's mother. Plaintiff was handcuffed and was placed in a squad car.

10. As Plaintiff was placed into the squad car, and without warning and in a violent fashion, Defendant Zuniga pulled Mr. Plaintiff from the seat and body slammed him headfirst into the sidewalk which resulted in a fracture of his facial bone, specifically, the left maxillary sinus, causing severe injuries to his face and head. At all times relevant to this incident, Plaintiff was compliant and cooperative with the officers.

11. As Plaintiff lay prone on the sidewalk and in a state of semi-unconsciousness, Defendant Zuniga dropped his full body weight of his left knee onto Plaintiff's head and face. Defendant Zuniga then lifted himself off Plaintiff's head and dropped his left knee directly onto Plaintiff's spine.

12. Defendant Zuniga then placed his full body weight through his right knee onto Plaintiff's face. Plaintiff remained handcuffed during this entire incident of excessive force. Defendant Bautista pulled Plaintiff's arms vertically up towards Bautista's head.

13. Defendant Bautista compounded the excessive force and takedown of Plaintiff by gaining leverage and strength with his left leg and violently kicking Plaintiff on the left side of his chest while Defendant Zuniga continued to use excessive force against Plaintiff. Plaintiff pleaded with the officers to let him up because he could not breathe and that he was in pain.

14. Plaintiff was compliant and cooperative with the Defendant Officers at all times relevant to this case. However, Defendants Zuniga and Bautista paid no heed to Plaintiff's pain and complaints. Defendant Zuniga continued to keep his body weight on Plaintiff's back inflicting

further pain. Defendants Zuniga and Bautista joined each other in bringing about the excessive use of force upon Plaintiff, causing him excruciating physical pain, disfigurement, great mental and emotional anguish and distress, suffering, distress, humiliation and long term physical pain as a direct and proximate result of Defendants' wrongful actions and conduct and omissions.

15. Although Plaintiff cooperated and remained face down on the sidewalk, Defendant Bautista continued to drop his body weight onto Plaintiff's back. Plaintiff was lifted from the sidewalk and was placed into the squad car where he remained in severe pain.

16. During the above incident of excessive force, each officer owed a duty to intervene and stop the misconduct but neither tried to stop the other officer's illegal conduct.

17. Plaintiff was transported to the McAllen Police Department for booking on the charges of DWI and Harassment of a Police officer.

18. While at the Police Department, the jailer on duty determined that Plaintiff needed medical attention. Plaintiff was then transported to Rio Grande Regional Medical Center in McAllen, Texas. McAllen PD officers remained at the hospital because Plaintiff was still under arrest and in their custody.

19. Medical staff at McAllen Regional Center recommended that Plaintiff be transported to UT Medical Center in San Antonio, Texas because his injuries were so severe. Police officers in charge of Plaintiff failed to inform their superiors and Plaintiff's family of this medical plan.

20. Plaintiff was transferred to UT Medical Center without a shirt, shoes, cell phone, and identification because those items remained at McAllen PD upon Plaintiff's booking. No McAllen PD Officer accompanied Plaintiff to San Antonio.

21. At UT Medical Center, Plaintiff was diagnosed with a fractured Maxillary bone. He was treated and subsequently discharged with no shirt, shoes, phone, or ID.

22.     Defendants joined each other in bringing about the excessive use of force upon the Plaintiff, causing Plaintiff excruciating physical pain, disfigurement, great mental and emotional anguish, suffering, distress, humiliation and long term physical pain as a direct and proximate result of Defendants' wrongful actions, conduct, and omissions.

23.     Plaintiff now asserts claims against the Defendants, pursuant to 42 USC §§ 1983 and 1988, for violation of the 4th and 14th Amendments to the United States Constitution.

## IV.

### FIRST CLAIM: 42 U.S.C. § 1983

*Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any state or Territory or the District Columbia, subjects, or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and Laws, shall be liable to the party injured in an action at law, suit, in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, an Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.* 18 U.S.C. § 1983.

**VIOLATION OF 4th AND 14th AMENDMENTS, U.S. CONST. AND 42 U.S.C. §1983:**

24.     Plaintiff herein incorporates by reference all that is set forth above for all intents and purposes, as though fully set forth herein.

25.     Plaintiff allege that Defendants, jointly and/or severally, deprived Plaintiff of his Fourth Amendment rights, and those rights, privileges, and immunities secured by the 4th Amendment as incorporated and applied to the Defendant City, Zuniga, and Bautista through the due process clause of the 14th Amendment, U.S. Const.

26. Substantive due process under the 14th Amendment includes the right to be free from irrational and unreasonable conduct, which includes the right to be free from police officer direct fabrication or fabrication by omission in the police reports pertaining to Plaintiff's arrest.

**Peace Officer Liability:**

27. Plaintiff bring a claim against Defendants Zuniga and Bautista, individually and in their official capacities, pursuant to 42 U.S.C. § 1983 and for punitive damages. At all material times, Defendants Zuniga and Bautista were acting under color of state law as agents and employees of Defendant the City of McAllen. Defendants were wearing their official McAllen Police Department uniforms and were acting in the course and scope of their duties as McAllen Police Officers at the time they utilized excessive force upon Plaintiff. Defendants Zuniga and Bautista failed to intervene to stop the other officer's illegal conduct.

28. Force is excessive, and therefore violates the Fourth Amendment, if it is not reasonable in light of the circumstances facing the officer. *See Graham v. Connor*, 490 U.S. 386, 398 (1989). The facts and circumstances of this case show that the actions of Defendants Zuniga and Bautista were clearly unreasonable. Defendants Zuniga and Bautista had no reasonable mistaken belief that Plaintiff was dangerous or posed any risk of harm to them or their use of force would have been objectively reasonable or constitutionally reasonable to a reasonable officer in the same circumstances because:

(a) Plaintiff made no aggressive action towards Defendants Zuniga and Bautista and nothing he did could be interpreted as threatening.

(b) Plaintiff made no verbal threats towards Defendants Zuniga and Bautista.

(c) Plaintiff did not touch Defendants Zuniga or Bautista, as he was handcuffed during this entire incident.

(d) Plaintiff was compliant with all orders and commands made by Defendants Zuniga and Bautista.

29. Defendants Zuniga and Bautista did not have a reasonable fear of imminent bodily harm when they exercised excessive force in the detention and arrest of the Plaintiff as described above. The exercise of excessive force by Defendants Zuniga and Bautista was unwarranted under these circumstances and was objectively and subjectively unreasonable when comparing or balancing the amount of force used against the need for the force.

30. Therefore, by using objectively and subjectively unreasonable excessive force while acting under color of state law, Defendants Zuniga, Bautista (and Defendant City of McAllen) violated Plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution to be free from the use of excessive force upon the Plaintiff in his detention and arrest.

31. The actions of Defendants Zuniga and Bautista's use of excessive force was undertaken pursuant to a policy (or lack thereof), practice, or custom of The City Police Department and the City of McAllen including arresting Plaintiff in such a manner that utilized excessive force upon Plaintiff.

32. At the time Defendants Zuniga and Bautista exercised excessive force upon Plaintiff, they were acting pursuant to an official city policy, practice, custom and procedure overlooking and/or authorizing police officer's excessive use of force. *See Monell v. New York City Dept. of Social Servs.*, 436 U.S. 658, 659 (1978).

**MUNICIPALITY LIABILITY:**

33. In establishing its procedures, the Defendant City has a duty under the 4th and 14th Amendment, U.S. Const. to refrain from enforcing or continuing in effect policies, procedures,

customs, or practices that create a substantial likelihood that persons such as Plaintiff would be subjected to the McAllen Police Department's Defendant officers' misconduct.

34. Additionally, municipalities may be held liable under 42 U.S.C. § 1983 for constitutional torts that are committed pursuant to a policy, procedure, practice, or custom of the municipality. Even if the City's practice of overlooking constitutional torts was not authorized by an officially adopted policy, the practice may be so common and well-settled that it fairly represents official policy. *See Bd. of County Comm'rs of Bryan County v. Brown*, 520 U.S. 397, 404 (1997).

35. On or about May 13, 2016, Defendant City of McAllen, through its Police Department, failed to have a written policy on the use of force and / or de-escalation tactics. Defendant City of McAllen and has a history of incidents of excessive force. The City's formal and informal actions in overlooking, hiding and/or tacitly encouraging police misconduct of other officers, the Chief of Police, and others, reflect a policy, practice, custom, and procedure authorizing and allowing the use of excessive force that violated the civil rights of Plaintiff. Consequently, the City is liable for harm caused to others, such as Plaintiff, as a result of its policies, practices customs, and procedures.

36. Failure to train Officers Zuniga and Bautista and its police officers on each police officer's duty to: (a) intervene to stop another officer's unreasonable use of excessive force or beating of a suspect after detention; and (b) refrain from fabricating any incident report by omitting material information or including false information that would be material if true.

37. This lack of policy amounted to gross negligence, recklessness, and deliberate indifference on behalf of the City of McAllen and its surrogate McAllen PD. The unconstitutional policies, practices and customs amounted to deliberate indifference

demonstrated by the Defendant City of McAllen and the supervising and training personnel of its police force. These recklessly inadequate or non-existent policies failed to protect against the excessive use of force and the use of de-escalation and intervention tactics, such as what would halt the misconduct that Defendants Zuniga and Bautista engaged in as described above. To date the Defendant City of McAllen has failed to take any action regarding changing City policy regarding training of officers in the use of excessive force. Such failure to train its police force to prevent unconstitutional misconduct by members of its police force is another common practice by City of McAllen decision makers.

38. Defendant City is liable for the constitutional torts of Defendants Zuniga and Bautista because the City sanctioned the following customs, practices, and policies:

(A) Using excessive, and oftentimes deadly force, to carry out otherwise routine arrests or stops;

(B) Using excessive force when such force is not necessary or permitted by law;

(C) Ignoring the serious need for training of its officers in regard to the use of only lawful force, and the use of de-escalation intervention tactics when other officers utilize excessive force;

(D) Failing to discharge or discipline those persons who are found to have engaged in the use of excessive force upon those entrusted to their care and/or under their control or allowing them to have no consequences to their actions of excessive force, thereby sanctioning Defendants Zuniga's and Bautista's unconstitutional conduct;

(E) Failing to adequately supervise and/or observe its officers;

(F) Failing to adequately train officers regarding the availability of alternative means to using excessive force when detaining and arresting persons;

(G) Failing to discharge officers who have shown an incident, pattern, practice, or propensity of using excessive force, thereby sanctioning Defendants Zuniga's and Bautista's unconstitutional conduct;

(H) Adopting a practice whereby officers who are unfit for peace officer duties, are not hired by the Defendant City's police department, or are allowed to retain employment despite their previous violative actions or propensities displayed in the line of duty, and lack of the above suggested trainings.

39. The City's policy or lack of policy caused Plaintiff to be deprived of his constitutional rights to be free from unlawful seizures and objectively unreasonable force under the Fourth and Fourteenth Amendments as applied through 42 U.S.C. §§ 1983 and 1988.

VI.

DAMAGES

40. Plaintiff alleges and incorporates for all intents and purposes, all of the above paragraphs as though set forth in full herein.

41. The use of force by Defendants Zuniga and Bautista was unreasonably excessive to the point that Plaintiff endured the following damages as a direct and proximate result of Defendants' wrongful actions, conduct, and omissions. *Ballard v. Burton*, 444 F. 3d 391 (5th Cir. 2006). Due to the excessive use of force that resulted in severe injuries to the Plaintiff, Plaintiff had to be hospitalized, and continues to need medical and psychological treatment to cope with the results of the beating. The damages Plaintiff incurred are in the amount of $ 750,000.

42. As a direct result of Defendants Zuniga's and Bautista's use of excessive force in their arrest and detention of Plaintiff, and Defendant City of McAllen's actions described above,

Plaintiff suffered actual physical and emotional injuries, and other damages and losses as described herein, including excruciating physical pain, disfigurement, and suffering including but not limited to: a fracture of the Maxillary sinus, cuts and bruises on the left side of his face, bleeding in his left eye, broken teeth, bruises and contusions on his face, scrapes and bruising on his chest and back, pain on his body in general; severe emotional trauma, suffering, and distress; mental, and emotional pain, aguish, suffering, and distress; compensatory and consequential damages, including damages for emotional anguish and distress, suffering, humiliation, loss of enjoyment of life, and other pain and suffering; economic losses; special damages; and punitive damages against individual Defendants Zuniga and Bautista.

## VII.

## DECLARATORY AND INJUNCTIVE RELIEF

43. Finally, Plaintiff seeks appropriate declaratory and injunctive relief pursuant to 42 U.S.C. § 1983 to redress Defendants' above described ongoing deliberate indifference in policies, practices, habits, customs, usages, training and supervision with respect to the rights described herein of the Defendant City of McAllen and its police department.

## VIII.

## 42 U.S.C. § 1988 – ATTORNEYS' FEES AND COSTS

44. Plaintiff is further entitled to attorneys' fees and costs pursuant to 42 U.S.C. §1988, pre-judgment interest and costs as allowable by federal law for Plaintiff's lawyers' work done in the District Court, the Fifth Circuit Court of Appeals, and the United States Supreme Court.

## IX.

## JURY DEMAND

**45.** Plaintiff respectfully demands a jury trial pursuant to Fed. R. Civ. P. 8(b).

## X.

## PRAYER

**46.** Plaintiff prays that this Court enter judgment for the Plaintiff and against each of the Defendants and grant:

A. compensatory and consequential damages, including damages for emotional distress suffering, humiliation, loss of enjoyment of life, and other pain and suffering on all claims allowed by law in an amount to be determined at trial;

B. economic losses on all claims allowed by law;

C. special damages in an amount to be determined at trial;

D. punitive damages on all claims allowed by law against individual Defendants and in an amount to be determined at trial;

E. attorneys' fees and the costs associated with this action under 42 U.S.C. § 1988, including expert witness fees, on all claims allowed by law;

F. pre- and post-judgment interest at the lawful rate; and,

G. declaratory and injunctive relief; and

H. any further relief that this court deems just and proper, and any other appropriate relief at law and equity.

Respectfully submitted,

*/s/ Gregorio Trevino*
Gregorio Trevino
Federal Bar No. 23040
State Bar No. 24003080
Law Office of Gregorio Trevino
300 East Highway 83, Suite "I"
Pharr, Texas 78577
Tel.: 956-283-0067
Fax: 956-283-0077
gtrevlaw@sbcglobal.net
Attorney for Plaintiff Aaron Soto

*/s/ Joseph A. Connors III*
Joseph A. Connors III
Texas Bar No. 04705400
Southern Dist. Texas Bar No. 3799
P.O. Box 5838
McAllen, Texas 78502-5838
Tel. 956-687-8218
Fax 956-687-8230
connors@innocent.com
Attorney for Plaintiff Aaron Soto

*/s/ Victoria Guerra*
Victoria Guerra
Texas Bar No. 08578900
McAllen, Texas 78502
Tel. 956-618-2609
Fax 956-618-2553
vguerralaw@gmail.com
Attorney for Plaintiff Aaron Soto